**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOHN T. JURACEK, IV, and MORLENE FRENCH,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 05-787-GPM** |
| | ) | |
| **CITY OF O'FALLON, ILLINOIS, POLICE DEPARTMENT and CITY OF O'FALLON, ILLINOIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the "Motion to Dismiss All the Testimony of Teeri Klowan" (Doc. 35) and the "Motion to Limit Testimony" (Doc. 36) brought by Plaintiffs John T. Juracek, IV, and Morlene French. For the following reasons, the motions are **DENIED**.

This case is an action for alleged civil rights violations against Defendants City of O'Fallon, Illinois, Police Department and the City of O'Fallon, Illinois. According to the allegations of Plaintiffs' pro se complaint, on January 16, 2005, Juracek was arrested without probable cause by the O'Fallon police, then detained under harsh conditions at the O'Fallon police station, where police allegedly ignored Juracek's requests for an attorney. The complaint alleges further that, after Juracek's arrest, he was improperly detained for a period of approximately a week at two different hospitals, where he was administered excessive amounts of unspecified medications. According to the complaint, at the time of Juracek's arrest the police conducted a warrantless search of his home,

where French, his companion, also resides, and coerced French to sign a statement.  Finally, the complaint alleges that since Juracek's arrest the police have harassed him by visiting his home six times concerning the barking of his dogs and issuing three citations to him regarding the dogs, resulting in the imposition of a $100 fine on Juracek and emotional distress to French.  Although the complaint does not identify the specific civil rights law under which it is brought, the Court deduces that the relevant statute is 42 U.S.C. § 1983.  *See Maxwell v. Village of Sauget, Ill.*, No. 06-451-GPM, 2007 WL 420195, at *2 n.1 (S.D. Ill. Feb. 5, 2007) (noting that in general there is no implied remedy under the Constitution for deprivations of civil rights by persons acting under color of state law).

This matter currently is scheduled for a bench trial on November 20, 2007.  The motions before the Court request the exclusion at trial of any testimony by Teeri Klowan and other persons who are not identified.  The gist of the motions is simply that testimony in this case should be limited strictly to persons who were eyewitnesses to the deprivations of constitutional rights alleged in the complaint.  Thus, because, according to Plaintiffs, Teeri Klowan supposedly did not witness Juracek's arrest, the search of his home, the interrogation of French, and Juracek's requests for an attorney, Klowan has no relevant testimony to offer.  The Court construes Plaintiffs' motions as motions in limine.  Although neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence provide expressly for the exclusion of evidence in limine before trial, "[i]n general, federal district courts have the power to exclude evidence in limine pursuant to their inherent authority to manage trials."  *Farley v. Miller Fluid Power Corp.*, No. 94 C 2273, 1997 WL 757863, at *1 (N.D. Ill. Nov. 24, 1997) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)).  *See also Mountain Funding, Inc. v. Frontier Ins. Co.*, No. 01 C 2785, 2004 WL 868366, at *2 (N.D. Ill.

Apr. 22, 2004) (citing *Townsend v. Benya*, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003)) ("A district court's authority to rule on motions *in limine* is pursuant to its inherent authority to manage trials, even though such rulings are not explicitly authorized by the Federal Rules of Evidence."); *Sun Co. v. Carboline*, Civ. A. No. 89-7255, 1992 WL 252265, at *1 (E.D. Pa. Sept. 28, 1992) (quoting *United States v. 215.7 Acres of Land*, 719 F. Supp. 273, 275 (D. Del. 1989)) ("The Federal Rules of Evidence do not explicitly authorize in limine rulings. Rather, the Court may make such rulings pursuant to its inherent authority to manage the course of trials.").

The party seeking the exclusion of evidence in limine bears the burden of showing the propriety of such exclusion. *See Capuano v. Consolidated Graphics, Inc.*, Civil Action No. 06 C 5924, 2007 WL 2688421, at *1 (N.D. Ill. Sept. 7, 2007); *Bursley v. Surane*, No. 04 C 7386, 2006 WL 1120577, at *2 (N.D. Ill. Apr. 26, 2006); *Clipco, Ltd. v. Ignite Design, LLC*, No. 04 C 5043, 2005 WL 2861032, at *2 (N.D. Ill. Oct. 28, 2005); *Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, No. 90 C 6933, 1996 WL 284940, at **2-3 (N.D. Ill. May 23, 1996). Further, decisions regarding the exclusion of evidence in limine, like decisions about the admissibility of evidence generally, are committed to a court's sound discretion. *See Thomas v. Sheahan*, No. 04 C 3563, 2007 WL 2765794, at *1 (N.D. Ill. Sept. 21, 2007) (citing *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002)); *Gage v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 365 F. Supp. 2d 919, 926 (N.D. Ill. 2005); *United States v. Caputo*, 313 F. Supp. 2d 764, 768 (N.D. Ill. 2004); *Carter v. Becker*, 966 F. Supp. 798, 800 (E.D. Wis. 1997). *Cf. United States v. Anifowoshe*, 307 F.3d 643, 649 (7th Cir. 2002) (in general, a district court's decisions concerning evidence are reviewed for abuse of discretion, and "[t]he district court's determination regarding the admissibility of evidence is given great deference" on review);

*United States v. L'Allier*, 838 F.2d 234, 242 (7th Cir. 1988) (quoting *United States v. Hattaway*, 740 F.2d 1419, 1424 (7th Cir. 1984)) ("A district court has 'broad discretion to determine the admissibility of evidence.'").

In general, of course, requests to exclude evidence in limine before trial are disfavored. *See Cox v. Prime Fin. Mortgage Corp.*, No. Civ.A. 05C4814, 2006 WL 1049948, at *1 (N.D. Ill. Apr. 20, 2006); *McGreal v. Village of Alsip*, No. 98 C 3958, 2004 WL 2066915, at *2 (N.D. Ill. Sept. 9, 2004); *Native Am. Arts v. Earthdweller, Ltd.*, No. 01 C 2370, 2002 WL 1173513, at *1 (N.D. Ill. May 31, 2002); *Knowles Elecs., L.LC. v. Micotronics U.S., Inc.*, No. 99 C 4681, 2000 WL 310305, at *1 (N.D. Ill. Mar. 24, 2000); *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because the better practice is to decide questions of the admissibility of evidence at trial, where issues concerning foundation, relevance, and prejudice can be addressed and resolved in the proper context, without the risk of inappropriate pretrial exclusion of properly admissible evidence. *See Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, No. 02 C 3293, 2005 WL 289967, at *1 (N.D. Ill. Feb. 4, 2005) ("Instead of barring evidence before trial, the preferred practice is to resolve questions of admissibility as they arise . . . . By deferring evidentiary rulings until trial, courts can properly resolve questions of foundation, relevancy, and prejudice."); *Alexander v. Mount Sinai Hosp. Med. Ctr. of Chicago*, No. 00 C 2907, 2005 WL 3710369, at *2 (N.D. Ill. Jan. 14, 2005) ("A district court should be mindful that some proposed evidentiary submissions cannot be accurately evaluated in a pretrial context via a motion *in limine* . . . . For this reason, certain evidentiary rulings should be deferred to trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context."); *In re Air Crash Disaster at Sioux City, Iowa, on July 19, 1989*, Nos. 817, 89 C 8082,

1991 WL 279284, at *1 (N.D. Ill. Dec. 26, 1991) ("Rulings on admissibility of evidence normally should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context."). *Accord Scarboro v. Travelers Ins. Co.*, 91 F.R.D. 21, 22 (E.D. Tenn. 1980) (noting that "motions [in limine] are disfavored . . . . A better practice is to deal with questions of admissibility of evidence as they arise . . . during the course of the trial[.]").

Evidence may be excluded in limine before trial only where it is clearly inadmissible for any purpose. *See Sachs v. Reef Aquaria Design, Inc.*, No. 06 C 1119, 2007 WL 3223336, at *2 (N.D. Ill. Oct. 25, 2007); *Rosenberg v. Cottrell, Inc.*, No. 05-545-MJR, 2007 WL 2028789, at *1 (S.D. Ill. July 12, 2007); *International Paper Co. v. Androscoggin Energy LLC*, No. 00 C 6215, 2004 WL 887379, at *1 (N.D. Ill. Apr. 23, 2004); *Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, No. 00 C 5658, 00 C 7086, 2003 WL 2005233, at *1 (N.D. Ill. Apr. 30, 2003); *Tzoumis v. Tempel Steel Co.*, 168 F. Supp. 2d 871, 873 (N.D. Ill. 2001); *Noble v. Sheahan*, 116 F. Supp. 2d 966, 969 (N.D. Ill. 2000); *Middleby Corp. v. Hussmann Corp.*, No. 90 C 2744, 1993 WL 151290, at *1 (N.D. Ill. May 7, 1993); *General Electric Capital Corp. v. Munson Marine, Inc.*, No. 91 C 5090, 1992 WL 166963, at *1 (N.D. Ill. July 8, 1992). Correspondingly, " if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context." *Greenwich Indus., L.P. v. Specialized Seating, Inc.*, No. 02 C 5000, 2003 WL 21148389, at *1 (N.D. Ill. May 16, 2003) (citing *Hawthorne Partners*, 831 F. Supp. at 1401). *See also Imtiazuddin v. North Ave. Auto, Inc.*, No. 04 C 286, 2004 WL 2418295, at *1 (N.D. Ill. Oct. 27, 2004); *PRG-Schultz Int'l, Inc. v. Kirix Corp.*, No. 03 C 1867, 2003 WL 22410078, at *1 (N.D. Ill. Oct. 21, 2003); *Higdon v. Entenmann's*

*Sales Co.*, No. 01 C 6972, 2002 WL 1285862, at *1 (N.D. Ill. June 11, 2002); *In re Chicago Flood Litig.*, 93 C 1214, 1995 WL 437501, at *1 (N.D. Ill. July 21, 1995); *United States v. Jackson*, No. 95 CR 155, 1995 WL 337067, at *1 (N.D. Ill. May 31, 1995); *KRW Sales, Inc. v. Kristel Corp.*, No. 93 C 4377, 1994 WL 75522, at *1 (N.D. Ill. Mar. 8, 1994).

In this instance, the motions before the Court clearly do not satisfy the stringent burden for exclusion of evidence in limine before trial. Plaintiffs' motions do not show that the evidence at issue is inadmissible for any purpose, and at this time the Court lacks the proper context to make an informed ruling as to the admissibility of the evidence at issue. This is not to say, of course, that the Court may not take up again the issue of the admissibility of the subject evidence at an appropriate time. It is well within the Court's discretion to revisit a ruling on a request to exclude evidence in limine. "[A] ruling . . . *in limine* . . . is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (quoting *Luce*, 469 U.S. at 41-42). Accordingly, a denial of a motion in limine "does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Brom v. Bozell, Jacobs, Kenyon & Eckhardt, Inc.*, 867 F. Supp. 686, 690-91 (N.D. Ill. 1994) (quoting *Hawthorne Partners*, 831 F. Supp. at 1401). Thus, a court may "entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." *Id*. at 691. *See also Buffone v. Rosebud Rests., Inc.*, No. Civ.A. 05C5551, 2006 WL 2425327, at *1 (N.D. Ill. Aug. 21, 2006); *Sabratek*

*Liquidating LLC v. KPMG LLP*, No. 01 C 9582, 2003 WL 22715820, at *1 (N.D. Ill. Nov. 18, 2003); *Pease v. Production Workers of Chicago & Vicinity Local 707*, No. 02 C 6756, 2003 WL 22012678, at *3 (N.D. Ill. Aug. 25, 2003); *United States v. Bainbridge Mgmt., L.P.*, Nos. 01 CR 469-1, 01 CR 469-6, 2002 WL 31006135, at *1 (N.D. Ill. Sept. 5, 2002); *Dean v. Watson*, No. 93 C 1846, 1995 WL 692020, at *1 (N.D. Ill. Nov. 16, 1995); *United States v. Gust K. Newberg Constr. Co./F.H. Paschen Group*, No. 93 C 5219, 1995 WL 383133, at *1 (N.D. Ill. June 21, 1995); *Inter-Asset Finanz AG v. Refco, Inc.*, No. 92 C 7833, 1993 WL 311772, at *1 (N.D. Ill. Aug. 12, 1993). At this time, however, because the Court lacks the proper context to evaluate Plaintiffs' requests for exclusion of evidence, the Court cannot exclude the subject evidence. *See Hawthorne Partners*, 831 F. Supp. at 1400-01.

To conclude, Plaintiffs' "Motion to Dismiss All the Testimony of Teeri Klowan" (Doc. 35) and "Motion to Limit Testimony" (Doc. 36) are **DENIED**.

**IT IS SO ORDERED.**

DATED: 11/14/07

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge